MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
SONYA SHAO (CSBN 300832)
Senior Trial Attorney
IDA ABHARI (CSBN 346569)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: (213) 330-0372
Shao.Sonya.P@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>   Acting Secretary of Labor,<br>   United States Department of Labor,<br><br>                    Plaintiff,<br>   v.<br><br>GOLDEN CARE LIVING, INC., a California corporation; SANTA FE HOME CARE, INC., a Nevada corporation; SENIOR MANOR CARE, INC., a California corporation; KIND HEART HOME CARE, INC, a California corporation; DEVINA HOSPICE CARE INC, a California corporation; GLOBAL HOSPICE CARE, INC., a California corporation; LEGEND HOME HEALTH, INC., a California corporation; ORANGE COUNTY HOME HEALTH, INC., a California corporation; SANTA ANA HOSPICE, INC., a California corporation; VC HOSPICE, INC., a | Case No. 2:25-cv-00232<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

California corporation; ANGELIQUE S. GRADNEY, an individual; AND STEPHEN P. GRADNEY, an individual,

Defendants.

## INTRODUCTION

The Fair Labor Standards Act requires employers to pay employees for all hours worked and an overtime premium when they work over forty hours in a workweek. Contrary to this longstanding law, the above-captioned Defendants pay their employees at flat daily rates regardless of many long hours they work.

Specifically, Defendants Angelique S. Gradney and Stephen Gradney own and operate an enterprise of Residential Care Facilities for the Elderly ("Facilities").[1] At these Facilities, Defendants require at least one employee caretaker to be present 24 hours a day, seven days a week to care for residents. The residents cannot care for themselves and require assistance for personal care and daily living. As a result, Defendants' caretakers work throughout the day and into the evenings and have their sleep interrupted to care for residents. Despite this, Defendants pay the caretakers flat rates regardless of the hours they work, thereby failing to pay the 50% premium owed for overtime hours and, in many workweeks, failing to even pay caretakers the Federal minimum wage of $7.25 an hour.

In addition to the many Facilities they own and operate, Defendants also operate Home Health and Hospice Companies[2] that employ mobile medical staff to provide services to patients at their place of residence. There, Defendants also fail to track all hours worked and, as a result of only paying employees per visit, failed to pay employees the required 50% premium when they worked over 40 hours in a week.

Defendants' actions have harmed not only their own employees, but law-abiding employers who face unfair competition in the marketplace due to

---

[1] Defendants operate these through companies such as Corporate Defendants Golden Care Living, Inc; Santa Fe Home Care, Inc.; Senior Manor Care, Inc.; and Kind Heart Home Care, Inc.

[2] Defendants operate these through companies such as Corporate Defendants Devina Hospice Care Inc; Global Hospice Care Inc; Legend Home Health Inc; OC Home Health Inc; Santa Ana Hospice Inc; and VC Hospice Inc.

Defendants' illegal practices. The Acting Secretary brings this case to recover wages owed to Defendants' employees, enjoin future violations, and to protect the significant public interest at stake.

### NATURE OF THE ACTION

1.      The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, to enjoin Defendants from violating the provisions of 3(g), 15(a)(2), 15(a)(3), 15(a)(5), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3), 215(a)(4), 216(c), and 217.

### JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action under FLSA §§ 16(c) and 17, 29 U.S.C. §§ 216(c) and 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C § 1345 (United States as plaintiff).

3.      Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

### PARTIES

4.      Plaintiff Julie A. Su is the Acting Secretary of Labor for the United States Department of Labor.

#### Individual Defendants

5.      Defendant Angelique S. Gradney is an individual residing in Rancho Palos Verdes, California. She is an owner and officer of Corporate Defendants Golden Care Living, Inc.; Santa Fe Home Care, Inc.; Senior Manor Care, Inc.; Kind Heart Home Care, Inc.; Devina Hospice Care Inc; Global Hospice Care, Inc.; Legend Home Health, Inc.; Orange County Home Health, Inc; Santa Ana Hospice, Inc.; and VC Hospice, Inc. (collectively, "Corporate Defendants"). At all relevant times, Defendant Angelique Gradney has directed the day-to-day operations of Corporate Defendants, and has acted directly and indirectly in the interests of all

Corporate Defendants in relation to employees, including by managing operations, obtaining licenses and undergoing training from the state of California to operate all Facilities, determining employment practices, hiring and firing workers, exercising control over wages, hours, and working conditions, visiting the Facilities regularly to supervise the employees, and maintaining employment records. Defendant Angelique Gradney is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

6.      Defendant Stephen P. Gradney is an individual residing in Rancho Palos Verdes, California within the jurisdiction of this Court. He is an owner and officer of Corporate Defendants. At all relevant times, individually and jointly with Defendant Angelique Gradney, Defendant Stephen Gradney has directed the day-to-day operations of Corporate Defendants, and has acted directly and indirectly in the interests of all Corporate Defendants in relation to employees, including by determining employment practices, setting employee pay, signing employee paychecks, managing complaints from residents' family members, and marketing. Defendant Stephen Gradney is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendant Facilities

7.      Defendant Golden Care Living, Inc. is a California corporation registered at 2052 Redondela Drive, Rancho Palos Verdes, CA 90275. Golden Care employs caretakers in at least four facilities, including those located at: 2052 Redondela Drive, Rancho Palos Verdes, CA 90275; 1854 El Rey Road, San Pedro,

CA 90732; 1308 Hickory Avenue, Torrance, CA 90503; 27711 Hawthorne Blvd., Rancho Palos Verdes, CA 90275; and 22302 Halldale Avenue, Torrance, CA 90501. Golden Care Living provides residential home care services for the elderly and those who cannot care for themselves by employing caretakers, including the employees named in Exhibit A. At all relevant times, Golden Care Living is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

8.     Defendant Santa Fe Home Care, Inc. is a Nevada corporation registered at 3510 Torrance Blvd Suite 114, Torrance, CA 90503. Santa Fe Home Care employs caretakers in at least four facilities, including those located at: 2340 Santa Fe Avenue, Torrance, CA 90501; 2255 Santa Fe Avenue, Torrance, CA 90501; 23223 Pryor Pl, Harbor City, CA 90710; and 5010 Torrance Blvd., Torrance, CA 90503. Santa Fe Home Care provides residential home care services for the elderly and those who cannot care for themselves by employing caretakers, including the employees named in Exhibit A. At all relevant times, Santa Fe Home Care is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

9.     Defendant Senior Manor Care, Inc. is a California corporation registered at 2011 Santa Rena Drive, Rancho Palos Verdes, CA 90275. Senior Manor Care employs caretakers in at least three facilities, including those located at: 2011 Santa Rena, Rancho Palos Verdes, CA 90275; 1851 Redondela Drive, Rancho Palos Verdes, CA 90275; 2423 Santa Fe Avenue, Torrance, CA 90501. Senior Manor Care provides residential home care services for the elderly and those who cannot care for themselves by employing caretakers, including the employees named in Exhibit A. At all relevant times, Senior Manor Care is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in

relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

10.      Defendant Kind Heart Home Care, Inc is a California corporation registered at 2033 W 231st Street, Torrance, CA 90501. Kind Heart Home Care employs caretakers in at least two Facilities located at: 2033 W 231st Street, Torrance, CA 90501; and 1644 W 222nd Street, Torrance, CA 90501. Kind Heart Home Care provides residential home care services for the elderly and those who cannot care for themselves by employing workers, including the employees named in Exhibit A. At all relevant times, Kind Heart Home Care is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

**Defendant Home Health and Hospice Companies**

11.      Defendant Devina Hospice Care Inc was a California corporation registered at 24404 Vermont Ave, Suite 307-G, Harbor City, CA 90710. Devina Hospice Care provided palliative and health and hospice care by employing workers, including nurses and health attendants, who traveled to the patient's place of residence to perform caregiving work such as palliative and end-of-life care. At all relevant times, Devina Hospice Care was an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

12.      Defendant Global Hospice Care, Inc. is a California corporation registered at 3510 Torrance Blvd Suite 215, Torrance, CA 90503. Global Hospice Care provides hospice care by employing workers, including nurses and health attendants, who travel to the patient's place of residence to perform caregiving work such as palliative and end-of-life care. At all relevant times, Devina Hospice Care is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. §

203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

13.     Legend Home Health, Inc. is a California corporation registered at 3510 Torrance Blvd Suite 111, Torrance, CA 90503. Legend Home Health provides in-home health care by employing workers, including nurses and home health attendants, who travel to the patient's place of residence to perform a variety of services such as medication management, disease management, post-surgical care, wound care, and bathing and dressing. At all relevant times, Legend Home Health is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

14.     Orange County Home Health, Inc is a California corporation registered at 3532 Katella Avenue Suite 111, Los Alamitos, CA 90720. Orange County Home Health provides in-home health care by employing workers, including nurses and health attendants, who travel to the patient's place of residence to perform a variety of services such as medication management, disease management, post-surgical care, wound care, and bathing and dressing. At all relevant times, Orange County Home Health is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

15.     Santa Ana Hospice, Inc. is a California corporation registered at 610 Pacific Coast Hwy Suite 211, Seal Beach, CA 90740. Santa Ana Hospice provides hospice care by employing workers, including nurses and home health attendants, who travel to the patient's residence to perform caregiving work such as palliative and end-of-life care. At all relevant times, Santa Ana Hospice is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the

employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

16.    VC Hospice, Inc. is a California corporation registered at 23545 Crenshaw Blvd Suite 202, Torrance, CA 90505. VC Hospice provides palliative and hospice care by employing workers, including nurses and home health attendants, who travel to the patient's residence to perform caregiving work such as palliative and-of-life care At all relevant times, VC Hospice is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A, and all other employees whom the Acting Secretary later identifies.

**Defendants Are a Single Enterprise Covered by the FLSA**

17.    At all relevant times, Defendants Angelique Gradney and Stephen Gradney jointly owned, operated, or otherwise controlled all Corporate Defendants, causing them to act directly or indirectly in their interests, for the common business purpose of providing for-profit caregiving services. As a result, Corporate Defendants are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

18.    At all relevant times, two or more employees of Corporate Defendants have handled products, including cleaning and/or medical supplies, made outside of California and transported into the State; and

19.    At all relevant times, Defendants' enterprise had an annual the gross volume of sales made or business done of not less than $500,000; and, the Facilities are institutions primarily engaged in the care of the sick and aged persons who reside on the premises of such institutions.

20.    As a result, Defendants' employees are and at all relevant times have been employees in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of FLSA §§ 3(r)(1), 3(s)(1)(A), and 3(s)(1)(B).

## FACTS COMMON TO ALL CLAIMS

21.     Since at least October 12, 2020, Defendants have failed to pay all of their employees the required rate of time-and-a-half of the regular rate when they work in excess of 40 hours per workweek. Instead, Defendants generally paid caretaker employees at the Facilities flat rate(s), regardless of how many hours worked. Additionally, Defendants paid the employees for the Home Health and Hospice Companies at flat rates as well regardless of time spent, and did not track all the hours employees spent working, i.e., driving to a patient, being with a patient, writing reports, and other duties performed. As a result, some of these employees also worked over 40 hours a week, but were not paid the required, time-and-a-half, 50% percent premium for hours worked over 40.

22.     Since at least October 12, 2020, Defendants have failed to pay all of their employees at the Facilities the required Federal minimum wage. Residents living in the Facilities, where the caretakers work, are elderly and cannot care for themselves; many residents require substantial assistance to walk, bathe, use the restroom, take medications, and/or perform other daily functions. State law requires at least one person "responsible and accountable for the management and administration of the facility . . . shall be on the premises 24 hours per day." Cal. Health & Safety Code § 1569.618(b). Caretakers employed in the Facilities routinely work and have worked more than eight hours per day, but Defendants paid them a flat daily rate that did not account for all hours worked. As a result, in numerous pay periods, the workers' hourly rate has been less than the Federal minimum wage of $7.25 an hour.

23.     Since at least October 12, 2020, Defendants have failed to make and maintain adequate and accurate records of all hours worked and wages paid during the day shift. For example, the limited timecards Defendants have produced to the

Wage and Hour Division primarily show two caretakers per Facility working eight hours a day during a 12-hour day shift, i.e., work scheduled from approximately 7 a.m. to 7 p.m., with four hours of scheduled breaks per caretaker. The time records do not accurately reflect the breaks caretakers actually took, or the hours actually worked.

24.    Since at least October 12, 2020, Defendants have failed to maintain adequate and accurate records of all hours worked and wages paid.  This includes by excluding time the caretakers worked in the Facilities after the scheduled day shift was over.  An example includes caretakers were required to stay on premises at the Facilities from approximately either 7 p.m. or 8 p.m. each night until approximately 11 p.m.  Defendants failed to record and pay caretakers for all of these hours.

25.    Since at least October 12, 2020, Defendants have failed to maintain adequate and accurate records of all hours worked and wages paid by failing to track and pay for the time caretakers woke up and responded to the needs of residents in the Facilities at night.

26.    Since at least October 12, 2020, Defendants have interfered with the investigation, including by coaching and/or intimidating workers, providing incomplete time and payroll records, and/or unreasonably delaying production of such records.

## CLAIMS FOR RELIEF

### First Cause of Action

### Violation of Minimum Wage Provisions of the FLSA

27.    The Acting Secretary incorporates the facts alleged above.

28.    Since at least October 12, 2020, Defendants willfully violated and continue to violate the minimum wage provisions of FLSA §§ 6(a) and 15(a)(2), 29 U.S.C. §§ 206(a) and 215(a)(2), by failing to pay employees at least the federal minimum wage for all hours worked in workweeks when the employees were

engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

29.    Workers employed in the Facilities routinely work and have worked more than eight hours per day, but Defendants paid them a flat daily rate that did not account for all hours worked. As a result, the workers' hourly rate has been less than the federal minimum wage of $7.25 per hour in numerous workweeks each year.

30.    At all relevant times, Defendants have willfully violated and continue to violate FLSA §§ 6(a) and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2). Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed, and continue to employ, workers in the Facilities without properly compensating them.

## Second Cause of Action

### Violation of the Overtime Provisions of the FLSA

31.    The Acting Secretary incorporates the facts alleged above.

32.    Since at least October 12, 2020, Defendants have violated and continue to violate the overtime provisions of FLSA §§ 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a) and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed.

33.    Specifically, the workers employed in the Facilities routinely work and have worked more than forty hours per week, but Defendants have not compensated them at time and one-half the regular rate at which they were employed for all hours worked in excess of forty.

34.     Workers employed in the Home Health and Hospice Companies also worked in excess of forty hours per week, and Defendants did not maintain complete records of their hours and have not compensated them at time and one-half the regular rate at which they were employed for all hours worked in excess of forty.

35.     At all relevant times, Defendants have willfully violated and continue to violate FLSA §§ 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a) and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers in the Facilities and Home Health and Hospice Companies without properly compensating them for hours worked in excess of forty per workweek.

## Third Cause of Action

### Violation of the Recordkeeping Provisions of the FLSA

36.     The Acting Secretary incorporates the facts alleged above.

37.     Defendants have violated and continue to violate the recordkeeping provisions of FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by Defendants as prescribed by the Secretary of Labor's regulations, 29 C.F.R. Part 516.

38.     In many if not all workweeks, Defendants failed to make, keep, and preserve adequate and accurate records of all hours worked by the caretakers employed in the Facilities.

39.     In many if not all workweeks, Defendants failed to make, keep, and preserve adequate and accurate records of all hours worked by Home Health and Hospice Company employees.

40.     At all relevant times, Defendants willfully violated and continue to willfully violate FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5).

Defendants knew or should have known of the FLSA's recordkeeping requirements but nevertheless failed and continue to fail to keep proper employment records.

## Fourth Cause of Action

### Interference with FLSA Rights

41.    The Acting Secretary incorporates the facts alleged above.

42.    Defendants have violated and continue to violate § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), including by intimidating, coaching, or attempting to intimidate employees not to cooperate with the Secretary's investigators, and otherwise interfering with employees' ability to exercise their rights under the FLSA, including by preventing the Secretary's investigators from making unannounced visits of the worksites and speaking with workers.

43.    At all relevant times, Defendants have willfully violated and continue to violate § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants knew or should have known of the Act's anti-retaliation provisions, and they took action against their employees to deter them from exercising their rights, including by engaging in the conduct described in ¶ 26.

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A.    enjoin and restrain Defendants, their officers, agents, servants, employees, successors, and persons acting in active concert or participation with them from violating the minimum wage, overtime, recordkeeping, and anti-retaliation provisions of FLSA §§ 6(a), 7(a), 11(c) and 15(a)(2), 15(a)(3), and 15(a)(5), 29 U.S.C. 206(a), 207(a), 211(c), and 215(a)(2), 215(a)(3), and 215(a)(5), under FLSA § 17, 29 U.S.C. § 217;

B.    issue an order under FLSA § 16(c), 29 U.S.C. § 216(c), finding

Defendants jointly and severally liable for the unpaid minimum wage and overtime compensation due to Defendants' current and former employees, for the period beginning October 12, 2020, plus an additional equal amount as liquidated damages (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint);

C.    if liquidated damages are not awarded issue an order under FLSA § 17, 29 U.S.C. § 217, enjoining Defendants from withholding payment of unpaid minimum wage and overtime compensation found due to Defendants' current and former employees for the period beginning October 12, 2020, plus pre-judgment interest at an appropriate interest rate;

D.    award Plaintiff the costs of this action; and

E.    grant any other relief that is necessary or appropriate.


Dated: January 9, 2025            Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

 /s/ Sonya Shao
SONYA SHAO
Senior Trial Attorney

IDA ABHARI
Trial Attorney

**EXHIBIT A**

Abad, Charles

Abalo, Anne Viviane

Abalos, Editha

Alionye, Daniel

Alminiana, Daryl John

Alvarez, Heherson

Andrada, Merle

Angco, Joseph

Apresto, Norma

Badillo, Christopher

Bailey, Laxuqsha

Balaga, Myra

Balala, Sheila Lee

Baldevia, Irish

Banker, Irma

Baquirin, Nita

Bonifacio, Carmelita

Bonifacio, Dominador

Bunag, Jose

Carbonel, Joel

Castro, Guillermo

Catalla, Maggie

Caylan, Fe

Chavarria, Cecilia

Chavarria, Cecilia

Chikodi, Patricia

Cornejo, Florencia

Cosindad, Joseph

De Lara, Federico

De Leon, Allaine

Dela Cruz, Myrna

Dela Cruz, Robert

Dezell, Lucy

Di Mento, Biagio

Diaz, Mignion

Dineros, Jerald Paul

Dino, Cyd

Dulay, Robert

Ebora, Villadelma

Emelogu, Patrick

Espino, Catherine1

Espino, Christian

Fangon, Aurora

Feria, Justin Jay

Fernandez, Jay

Fernandez, Jay

Floranda, Jose Ruel

Franco, Maria Lilibeth

Franco, Reynaldo

Fretti, Angel

Gallandez, Flocerfida

Gallardo, Chester

Gallimore, Adam

Gamboa, Consuelo

Gloriani, Allen

Gonzaga, Aurelia

Grospe, Maricris

Guerrero, Beverly

Gurning, Ermas

Gutierrez, Isaura

Guzman, Maria Guadalupe

Ismael, Emilie

Kristianingsih, Tri

Lalu, Allain

Lazenby, Aurelia

Letigio, Jocelyn

Librando, Richard

Lopez, Jonathan

Lopez, Manuel

Love, Antonia

Lozada, Rodolfo

Lugtu, Rachel

Lugtu, Samson

Madarang, Marites

Maganes, Jasper

Magtal, Agnes

Majitma, Ryan

Malaluan, Arlene

Malaluan, Emmanuel

Malit, Rey

Mariece, Esther

Martin, Gertrude

Martinez, Sarah

1   Martir, Portia

2   Medina, Jay

3   Mendiola, Dinna

4   Mendiola, Ronald

5   Mendoza, Jester

6   Merill, Victor

7   Minay, Ruben

8   Mondragon, Dionisio

9   Nabua, Luisa

10  Nebes, Jeremy

11  Nebes, Merita

12  Nebres, Marita

13  Nijoku, Victoria

14  Nnademere, Nicholas

15  Obiageri, Ngwaogu Ebere

16  Ocampo, Vergel

17  Okechukwu, Japheth

18  Okeke, Beatrice

19  Okeuhie, James Chidi

20  Okezie, Bertin

21  Olaco, Purification

22  Ortega, Nelson

23  Paras, Christopher

24  Portuzuel, Ivan

25  Portuzuela, Ian

26  Ramirez, Linda

27  Repil, Bobby

28  Reyes, Joey

Reyes, Lilly

Ricardo, Carlos

Rissa, Arcana Klau

Rivera, Daniel

Rohaeni, tatat Sri

Roman, Simplicio

Ruelas, Marlene

Sagala, Yanti

Salamera, Emmanuel

Salamera, Romulo

Setiawati, Budi

Simbiak, Deborah Ferra

Smalls, Justin Alexande

Soberanes, Juana

Somintac, Gloria

Somintac, Reginald

Sugiarto, Feri

Sunaryo, Cindy

Tan, Penny

Taswin, Evy Antaria

Tenebroso, Esther

Teves, Rafaeli

Thomas, Tamico

Toro, Gloria

Ugeh, Kenneth

Vergara, Elizabeth

Vidal, Cosme

Vides, Angel

Viller, Joel

Xiaoping, An

Yangat, Rosita