JAMES J. MCMULLEN, JR. (SBN: 095853)
jmcmullen@grsm.com
MELVIN PATTERSON (SBN: 169642)
mpatterson@grsm.com
MOSSAMAT N. KARIM (SBN: 329711)
nkarim@grsm.com
GORDON REES SCULLY
MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, California 90071
Telephone:   (213) 576-5000
Facsimile:   (213) 680-4470

Attorneys for all Defendants, Golden Care Living, Inc., Santa Fe Home Care, Inc., Senior Manor Care, Inc., Kind Heart Home Care, Inc., Devina Hospice Care Inc., Global Hospice Care, Inc., Legend Home Health, Inc., Orange County Home Health, Inc., Santa Ana Hospice, Inc., VC Hospice, Inc., Angelique S. Gradney, and Stephen P. Gradney

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN CARE LIVING, INC., a California corporation; SANTA FE HOME CARE, INC., a Nevada corporation; SENIOR MANOR CARE, INC., a California corporation; KIND HEART HOME CARE, INC., a California corporation; DEVINA HOSPICE CARE INC., a California corporation; GLOBAL HOSPICE CARE, INC., a California corporation; LEGEND HOME HEALTH, INC., a California corporation; ORANGE COUNTY HOME HEALTH, INC., a California corporation; SANTA ANA HOSPICE, INC., a California corporation; VC HOSPICE, INC., a California corporation; ANGELIQUE S. GRADNEY, an individual; and STEPHEN P. GRADNEY, an individual<br><br>Defendants. | Case No. 2:25-cv-00232-CAS-MAR<br><br>Defendants GOLDEN CARE LIVING, INC., a California corporation; SANTA FE HOME CARE, INC., a Nevada corporation; SENIOR MANOR CARE, INC., a California corporation; KIND HEART HOME CARE, INC., a California corporation; DEVINA HOSPICE CARE INC., a California corporation; GLOBAL HOSPICE CARE, INC., a California corporation; LEGEND HOME HEALTH, INC., a California corporation; ORANGE COUNTY HOME HEALTH, INC., a California corporation; SANTA ANA HOSPICE, INC., a California corporation; VC HOSPICE, INC., a California corporation; ANGELIQUE S. GRADNEY, an individual; and STEPHEN P. GRADNEY, an individual's ANSWER TO COMPLAINT<br><br>**[JURY TRIAL]** |

Defendants GOLDEN CARE LIVING, INC.; SANTA FE HOME CARE, INC.; SENIOR MANOR CARE, INC.; KIND HEART HOME CARE, INC.; DEVINA HOSPICE CARE INC., GLOBAL HOSPICE CARE, INC.; LEGEND HOME HEALTH, INC.; ORANGE COUNTY HOME HEALTH, INC.; SANTA ANA HOSPICE, INC.; VC HOSPICE, INC.; ANGELIQUE S. GRADNEY; and STEPHEN P. GRADNEY ("Defendants") hereby answer and respond to the corresponding paragraphs in the Complaint filed by Julie A. Su, Secretary of Labor, and the United States Department of Labor ("Plaintiff") as follows:

## ANSWER

The representative capacity of Plaintiff, Acting Secretary of Labor, Julie A. Su has ended and expired. Thus, although the validity of the claims in this matter are undermined by the failure of the participation of the current Secretary of Labor out of an excess of caution and desire to avoid any possibility of a perceived default or failure to respond to the Court by Defendants each and every named Defendant responds as follows:

## INTRODUCTION

The allegations contained in this paragraph constitute a vague, grossly compound and rambling narrative to which no specific response is possible or called for by the allegations or format of the Complaint. Defendants believe the narrative is unfairly political, immaterial, prejudicial, inflammatory, impertinent and scandalous and has been placed into this pleading for an improper purpose related to a change of administration at the Department of Labor. When and if appropriate Defendants will move later to strike this paragraph under Rule 12(f) of the Federal Rules of Civil Procedure as such. However, in the interim Defendants deny all allegations of the "Introduction" paragraph.

///

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

## NATURE OF THE ACTION

1. Defendants deny each and every allegation in paragraph 1 as they may relate to Defendants. To the extent that paragraph 1 of Plaintiff's Complaint consists of allegations of fact regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 1, and on that basis, deny them. Defendants specifically deny that any injunction, damages, or other relief or remedy is appropriate.

## JURSIDICTION AND VENUE

2. Paragraph 2 of the Complaint states Plaintiff's conclusions of law regarding jurisdiction, and therefore, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in Paragraph 2 of Plaintiff's Complaint, and on that basis deny each allegation contained therein.

3. Paragraph 3 of the Complaint states Plaintiff's conclusions of law regarding venue, and therefore, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in Paragraph 3 of Plaintiff's Complaint, and on that basis deny each allegation contained therein.

## PARTIES

4. Defendants deny that Julie A. Su is the Acting Secretary of Labor for the United States Department of Labor.

**Individual Defendants**

5. Defendants admit that Angelique Gradney is an individual residing in Rancho Palos Verdes, California. Defendants further admit that Angelique Gradney owns shares of the corporate defendants and is an officer of some of the corporate defendants. Defendants deny that "[a]t all relevant times, Defendant Angelique Gradney has directed the day-to-day operations of Corporate Defendants, and has

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

acted directly and indirectly in the interests of all Corporate Defendants in relation to employees, including by managing operations, obtaining licenses and undergoing training from the state of California to operate all Facilities, determining employment practices, hiring and firing workers, exercising control over wages, hours, and working conditions, visiting the Facilities regularly to supervise the employees, and maintaining employment records." To the extent paragraph 5 contains legal conclusions, Defendants object and are not required to respond. However, Defendants deny the remaining allegations of paragraph 5 of the Complaint that were not specifically admitted herein and specifically deny that Defendant Angelique Gradney is individually liable as an employer for any wages, damages, or penalties owed to employees whether currently know or currently unknown.

6.     Defendants admit that Stephen Gradney is an individual residing in Rancho Palos Verdes, California. Defendants admit that Stephen Gradney is a shareholder and officer of some of the Corporate Defendants. Defendants deny the remaining allegations of paragraph 6 of the Complaint that were not specifically admitted herein and specifically deny that Defendant Stephen Gradney is individually liable as an employer for any wages, damages, or penalties owed to employees whether currently know or currently unknown.

**Defendant Facilities**

7.     Defendants admit that Golden Care Living, Inc. is a corporation. Defendants further admit that Golden Care Living, Inc. was incorporated under the laws of the State of California with its principal place of business in Palos Verdes, California. Defendants admit that Golden Care Living has operated some of those facility addresses listed. To the extent paragraph 7 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants objects and to the extent they are required to respond deny them. Defendants are not required to respond

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8.     Defendants admit that Santa Fe Home Care, Inc. is a corporation. Defendants further admit that Defendant Santa Fe Home Care, Inc. was incorporated under the laws of the State of Nevada with its principal place of business in Torrance, California. Defendants admit that Santa Fe Home Care, Inc. has operated at some of those facility addresses listed. To the extent paragraph 8 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9.     Defendants admit that Senior Manor Care, Inc. is a corporation. Defendants further admit that Defendant Senior Manor Care, Inc. was incorporated under the laws of the State of California with its principal place of business in Palos Verdes, California. Defendants admit that Senior Manor Care, Inc. has operated at some of those facility addresses listed. To the extent paragraph 9 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.     Defendants admit that Kind Heart Home Care, Inc is a corporation. Defendants further admit that Defendant Kind Heart Home Care, Inc. was incorporated under the laws of the State of California with its principal place of

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

business in Torrance, California. Defendants admit that Senior Manor Care, Inc. has operated at one or more of those facility addresses listed. To the extent paragraph 10 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 10 of the Complaint.

### Defendant Home Health and Hospice Companies

11.     Defendants admit that Devina Hospice Care, Inc. is a corporation which is no longer operating. Defendants further admit that Defendant Devina Hospice Care Inc. was incorporated under the laws of the State of California with its principal place of business in Harbor City, California. To the extent paragraph 11 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12.     Defendants admit that Global Hospice Care, Inc. is a corporation. Defendants further admit that Defendant Global Hospice Care Inc. was incorporated under the laws of the State of California with its principal place of business in Torrance, California. To the extent paragraph 12 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

the extent any further response is required, Defendants deny the remaining allegations of paragraph 12 of the Complaint.

13.  Defendants admit that Legend Home Health, Inc. is a corporation. Defendants further admit that Defendant Legend Home Health, Inc. was incorporated under the laws of the State of California with its principal place of business in Torrance, California. To the extent paragraph 13 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 13 of the Complaint.

14.  Defendants admit that Orange County Home Health, Inc is a corporation. Defendants further admit that Orange County Home Health, Inc was incorporated under the laws of the State of California with its principal place of business in Los Alamitos, California. To the extent paragraph 14 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 14 of the Complaint.

15.  Defendants admit that Santa Ana Hospice, Inc. is a corporation. Defendants further admit that Santa Ana Hospice, Inc was incorporated under the laws of the State of California with its principal place of business in Los Alamitos, California. To the extent paragraph 15 contains legal conclusions, Defendants are not required to respond and do not respond. To the extent paragraph 15 contains compound and overboard requests concerning employees of the corporation and

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 15 of the Complaint.

16.    Defendants admit that VC Hospice, Inc. is a corporation. Defendants further admit that VC Hospice, Inc was incorporated under the laws of the State of California with its principal place of business in Torrance, California. To the extent paragraph 16 contains compound and overboard requests concerning employees of the corporation and requests for legal conclusions which are hopelessly conjunctive and compound, Defendants object and to the extent they are required to respond deny them. Defendants are not required to respond to legal conclusions and do not respond with anything but a denial of fact and law. To the extent any further response is required, Defendants deny the remaining allegations of paragraph 16 of the Complaint.

**Defendants Are Not a Single Enterprise Covered by the FLSA**

17.    Defendants admit that at all relevant times, Defendants Angelique Gradney and Stephen Gradney owned share of some of the Corporate Defendants. The remaining allegations of Paragraph 17 of the Complaint states Plaintiff's Conclusions of law regarding application of § 3(r), 29 U.S.C. § 203(r), and therefore, Defendants are not required to respond. To the extent a response is required, Defendants deny the remaining allegations of both fact and law of paragraph 17 of the Complaint and specifically deny that an enterprise with unified operations with a common business purpose existed among all Defendants.

18.    Paragraph 18 is vague, unintelligible and ambiguous as it is addressed to 12 defendants including a corporation which is not operating and two individuals. Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants deny that any enterprise has been admitted or even properly described for pleading purposes. Defendants admit that most of the "facilities" are generally used for various care and long-term care purposes.

20.     Paragraph 20 of the Complaint states Plaintiff's conclusions of law regarding the application of §§ 3(r)(1), 3(s)(1)(A), and 3(s)(1)(B). Therefore, Defendants are not required to respond. To the extent a response is required, Defendants deny the all allegations of fact and law of paragraph 20 of the Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

23.     Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint and specifically deny any lack of cooperation with any investigating agency.

## FIRST CAUSE OF ACTION

### Violation of Minimum Wage Provisions of the FLSA

27.     Defendants incorporate by reference and reallege their responses as set forth in paragraphs 1-26 of this Answer as if fully set forth herein in response to the allegations of paragraph 27 including the allegation that Julie Su is not the Acting Secretary of Labor.

28.     Paragraph 28 of the Complaint states Plaintiff's conclusions of law regarding the application of the FLSA to small local healthcare and extended care business, and therefore, Defendants are not required to respond. To the extent any response is required, Defendants deny all of the allegations of paragraph 28 of the Complaint and specifically deny any Defendant failed to pay in excess of the Federal Minimum Wage.

///

///

29. Defendants object that paragraph 29 calls for legal conclusions and asserts allegations which are vague and unintelligible. Nevertheless, Defendants deny the allegations of paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states Plaintiff's conclusions of law regarding application of and violation of the FLSA §§ 6(a) and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), as such, Defendants are not required to respond. Nevertheless, to the extent any response is required, Defendants deny all allegations of paragraph 30 of the Complaint and specifically deny that any workers were unfairly compensated.

## SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

31. Defendants incorporate by reference and reallege their responses as set forth in paragraphs 1-30 of this Answer as if fully set forth herein in response to the allegations of paragraph 31 including the allegation that Julie Su is not the Acting Secretary of Labor.

32. Paragraph 32 of the Complaint states Plaintiff's conclusions of law regarding application of the FLSA §§ 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a) and 215(a)(2)), and therefore, Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of paragraph 32 of the Complaint and specifically deny that they have violated any applicable law.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states Plaintiff's conclusions of law regarding application of the FLSA §§ 7(a) and 15(a)(2), 29 U.S.C. §§ 207(a) and 215(a)(2), and therefore, Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of paragraph 35 of the Complaint.

///

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

## THIRD CAUSE OF ACTION

### Violation of Recordkeeping Provisions of the FLSA

36.    Defendants incorporate by reference and reallege their responses as set forth in paragraphs 1-35 of this Answer as if fully set forth herein in response to the allegations of paragraph 36 including the allegation that Julie Su is not the Acting Secretary of Labor.

37.    Paragraph 37 of the Complaint states Plaintiff's conclusions of law regarding application of the FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), and therefore, Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of paragraph 37 of the Complaint and specifically deny that they violated applicable record keeping requirements.

38.    Defendants deny the allegations of paragraph 38 of the Complaint.

39.    Defendants deny the allegations of paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint states Plaintiff's conclusions of law regarding application of the FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), and therefore, Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of paragraph 40 of the Complaint.

## FOURTH CAUSE OF ACTION

### Interference with FLSA Rights

41.    Defendants incorporate by reference and reallege their responses as set forth in paragraphs 1-40 of this Answer as if fully set forth herein in response to the allegations of paragraph 41 including the allegation that Julie Su is not the Acting Secretary of Labor.

42.    Paragraph 42 of the Complaint states Plaintiff's conclusions of law regarding application of the § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) and therefore, Defendants are not required to respond. To the extent any response is

required, Defendants deny the allegations of paragraph 42 of the Complaint and specifically deny any recrimination, intimidation, or retaliation by Defendants occurred.

43. Paragraph 43 of the Complaint states Plaintiff's conclusions of law regarding application of the § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) and therefore, Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of paragraph 43 of the Complaint and specifically deny any retaliation or recrimination occurred.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested or that circumstances support extraordinary relief of any type. No wages, liquidated damages, damages or penalties sought in the Complaint are owed, due or appropriate.

## AFFIRMATIVE DEFENSES

On information and belief, Defendants allege that the following affirmative defenses bar this action, in whole or in part:

## FIRST AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's Complaint fails to state facts sufficient to constitute a valid claim for relief against them.

## SECOND AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's Complaint is barred and evidence improperly collected should be excluded from evidence by the doctrine of unclean hands and other well established exclusionary rules.

## THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's Complaint is barred by the doctrine of waiver, laches, and estoppel.

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert that by reason of the actions of the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the Complaint, Plaintiff is estopped from proceeding with this action.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff and all of the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the Complaint, suffered no damages, are barred from recovering any damages or must have any recovery reduced by virtue of their failure to exercise reasonable diligence to mitigate their alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendants assert that if Plaintiff and all of the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the Complaint, have suffered damages or injuries, those have been caused by reason, by reason of their own negligence, acts, omissions, representations and/or courses of conduct, all of which were a contributing proximate cause of said damages or injuries.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is barred from recovery because any injuries or damages alleged, if any, were the result of new, independent, intervening or superseding causes that are unrelated to any conduct of Defendants. Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims were sustained.

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants assert that Defendants have taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiffs or the represented parties.

**NINTH AFFIRMATIVE DEFENSE**

Defendants assert that Defendants were not the employer of all of the named Plaintiff or any of the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the Complaint,.

**TENTH AFFIRMATIVE DEFENSE**

Defendants assert that the alleged damages, if any, were caused by a third party.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants assert that the relief prayed for in the Complaint is barred because, if Defendants engaged in any of the alleged conduct, they had good cause to do so.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants assert that the represented parties have received all rights, entitlements and benefits to which they were entitled under the law from Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that each of the Complaint's causes of action and claims for damages is barred to the extent the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the Complaint, failed to perform pursuant to the terms and conditions of their contracts.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that this suit is frivolous, unreasonable and/or without foundation and, as a result, Defendants are entitled to recover costs and attorneys' fees from Plaintiff and Defendants hereby seek that recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the losses alleged in the Complaint, if any, are speculative, remote and/or uncertain and, therefore, not compensable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Defendants' conduct was at all times reasonable, in good faith, based upon good cause, and undertaken pursuant to the terms of applicable laws and regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint and each cause of action therein fails to state facts upon which costs of suit can be awarded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants assert that all persons employed by Defendants have been timely paid and/or received all sums and benefits due to them from Defendants by virtue of their contractual relationship and, therefore, Defendants are released from any and all continuing obligations to them.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert that all Defendants have complied in good faith with all wage and hour laws, and other applicable laws, and reasonable interpretations of the same, pertaining to the compensation due and owing all persons employed by Defendants.

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is barred from recovery because allowing any recovery would result in unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's claims are barred in whole or in part because Defendants did not willfully fail to pay wages or a good faith dispute exists as to any amounts that Plaintiff claims are owing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is not entitled to recover prejudgment interest because the alleged damages are not certain or capable of being made certain by any calculation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is barred from recovery because any injuries or damages alleged, if any, were the result of new, independent, intervening or superseding causes that are unrelated to any conduct or omission of Defendants. Any action or inaction on the part of Defendants were not the proximate or producing cause of any alleged injuries or damages Plaintiff claims were sustained.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert that Defendants' actions involving Plaintiff and/or any persons employed by Defendants, if any, were privileged or otherwise justified, as such actions were proper, fair and taken based solely on legitimate, good-faith, non-retaliatory, non-harassing business reasons and managerial discretion.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants assert that they have acted in good faith reliance upon the reasonable interpretation of applicable law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert that the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

Complaint, did not accurately report the hours for which they seek alleged unpaid wages, overtime and penalties; therefore, Plaintiff is barred from seeking to recover any such amounts from Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that if any amounts of overtime are owing to the individuals on behalf of whom Plaintiff brings this action, including but not limited to individuals identified in Exhibit A to the Complaint, because of Defendants' alleged miscalculation, such amounts are *de minimis*.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that Defendants did not fail to maintain accurate records; rather they maintained accurate records and complied with all recordkeeping requirements of the FLSA.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants assert that this action is barred to the extent that Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### THIRTIETH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, the individuals on behalf of whom Plaintiff brings this action, including but not limited to all individuals identified in Exhibit A to the Complaint, were compensated for all hours worked in excess of 40 hours in any particular workweek (as Defendants' employees themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants assert that their actions were in good faith conformity with or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Defendants had in effect policies and procedures

regarding the prohibition, reporting, and remediation of all conduct at-issue in Plaintiff's Complaint. The individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint, were aware of these policies and procedures. At all pertinent times, Defendants exercised reasonable care to prevent and promptly correct any alleged conduct, and individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint, unreasonably failed either to take advantage of preventive or corrective opportunities provided by Defendants or to otherwise avoid harm. To the extent Plaintiff alleges the individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint, availed themselves of Defendants' reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants, upon information and belief, allege that a reasonable opportunity for investigation and discovery will reveal that any damages and/or penalties allegedly owed by Defendants were the result of the failure of the individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint to follow Defendants' reasonable instructions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, as a matter of constitutional right and substantive due process, Defendants would be entitled to contest by jury trial its liability as to any particular individuals, even if the Department of Labor prevails on its claims. Trying this case as on the behalf of the individuals listed on Exhibit A of the Complaint would violate the United States Constitution and the California Constitution.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that, *arguendo*, even if they are found to have engaged in some form or act of wrongdoing (which Defendants wholly deny), Defendants allege they did not breach any duty or commit any unlawful act because any purported improper conduct was motivated by a mistaken belief that, if true, would have been a legitimate and reasonable business purpose, reason, or justification for that conduct.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that the individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint in this Action did not accurately report the hours for which Plaintiff is seeking allegedly unpaid wages, overtime and, penalties; therefore, Plaintiff and those individuals are barred from seeking to recover any such amounts from Defendants.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that the individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint in this Action, were properly compensated for all hours worked, including overtime hours, if any, and are therefore, barred from recovering additional regular or overtime compensation.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that the actual wages paid to individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint in this matter were timely, reasonable, appropriate, and commensurate with the services and work actually performed, and in accordance with applicable wage and hour laws.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal the individuals on behalf of whom Plaintiff is

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint in this matter, are barred by their own breach(es) of the duties owed to Defendants under the FLSA.

## FORTIETH AFFIRMATIVE DEFENSE

Defendants allege that any extraordinary remedy sought by Plaintiff's Complaint because the individuals on behalf of whom Plaintiff is bringing the claims, including but not limited to all individuals identified in Exhibit A of the Complaint in this matter have an adequate remedy at law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege the prosecution of a this action on behalf of the persons it seeks to represent in this matter, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege, in the alternative and upon information and belief, that Plaintiff's causes of action are barred by laws that authorize an alternative workweek schedule (AWS).

## RESERVATION OF RIGHT TO ALLEGE OTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to allege other affirmative defenses as they may arise during the course of discovery.

WHEREFORE, Defendants pray for judgment as follows:

1.     That this action be dismissed in its entirety, with prejudice.

2.     That judgment be entered in favor of Defendants and against Plaintiff.

3.     That Defendants be awarded their costs of suit and fees incurred herein; and,

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071

4.    For such and other further relief as this Court may deem just and proper.

Dated: March 28, 2025            GORDON REES SCULLY MANSUKHANI, LLP


By:*/s/* Mossamat N. Karim
James M. Mullen
Melvin Patterson
Mossamat N. Karim
Attorneys for all Defendants, Golden Care
Living, Inc., Santa Fe Home Care, Inc., Senior
Manor Care, Inc., Kind Heart Home Care, Inc.,
Devina Hospice Care Inc., Global Hospice Care,
Inc., Legend Home Health, Inc., Orange County
Home Health, Inc., Santa Ana Hospice, Inc., VC
Hospice, Inc., Angelique S. Gradney, and
Stephen P. Gradney

GORDON REES SCULLY MANSUKHANI, LLP
633 WEST FIFTH STREET, 52ND FLOOR, LOS ANGELES, CA 90071