MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
SONYA SHAO (CSBN 300832)
Senior Trial Attorney
ROSE MELTZER
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: (213) 330-0372
Shao.Sonya.P@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer*
*United States Secretary of Labor*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                                    Plaintiff,<br>        v.<br><br>GOLDEN CARE LIVING, INC.;<br>SANTA FE CARE HOME, INC.;<br>SENIOR MANOR CARE, INC.; KIND<br>HEART HOME CARE, INC.; GOLDEN<br>SENIOR ASSISTED LIVING INC.;<br>DEVINA HOSPICE CARE INC.;<br>GLOBAL HOSPICE CARE, INC.;<br>LEGEND HOME HEALTH, INC.;<br>SANTA ANA HOSPICE, INC.; VC<br>HOSPICE, INC.; ORANGE COUNTY<br>HOME HEALTH, INC.; STEPHEN<br>GRADNEY; ANGELIQUE SALVE<br>GRADNEY,<br><br>                                    Defendants. | Case No.  2:25cv00232 CAS (MARx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS**<br><br>Hon.  Christina A. Snyder |

JS-6

Plaintiff LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor, Individual Defendants ANGELIQUE SALVE GRADNEY, STEPHEN GRADNEY and their companies, Corporate Defendants Golden Care Living, Inc.; Santa Fe Care Home, Inc.; Senior Manor Care, Inc.; Kind Heart Home Care, Inc.; Golden Senior Assisted Living Inc.; Devina Hospice Care Inc.; Global Hospice Care, Inc.; Legend Home Health, Inc.; Santa Ana Hospice, Inc.; VC Hospice, Inc.; Orange County Home Health, Inc. ("Defendants") (collectively the "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Permanent Injunction ("Consent Judgment") as provided below.

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A.     On January 9, 2025, the Secretary filed her Complaint, and on January 12, 2026, the Secretary filed her First Amended Complaint in the above-captioned proceeding, naming Individual Defendants Angelique Salve Gradney, Stephen Gradney and the Corporate Defendants alleging violations of Sections 6, 7, 11(a), 11(c), and 15(a)(2)-(3) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(2)-(3) during the period of October 12, 2020 through the present (the "Subject Period").

B.     Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

C.     The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D.     Defendants agree herein to resolve all allegations of the Secretary's Complaint.

E.     Defendants admit that they operate the following residential care facilities and employ all caregivers, caretakers, or other persons who have worked ///

at or currently work at the following residential care homes during the Subject Period:

    a. Santa Fe Home Care Inc., Santa Fe Home Care I, 2340 Santa Fe Ave., Torrance, CA 90501; Santa Fe Home Care II, 2255 Santa Fe Ave., Torrance, CA 90501; Santa Fe Home Care III, 23223 Pryor Pl., Harbor City, CA 90710; Santa Fe Home Care IV, 5010 Torrance Blvd., Torrance, CA 90503;

    b. Golden Care Living, Inc., Golden Care Living I 2052 Redondela Dr., Rancho Palos Verdes, CA 90275; Golden Care Living II, 1854 El Rey Rd., San Pedro, CA 90732; Golden Care Living III, 1308 Hickory Ave., Torrance, CA 90503; Golden Care Living IV, 27711 Hawthorne Blvd., Rancho Palos Verdes, CA 90275; 22302 Halldale Avenue, Torrance CA 90501;

    c. Senior Manor Care, Inc., Senior Manor Care I 2011 Santa Rena, Rancho Palos Verdes, CA 90275; Senior Manor Care II, 1851 Redondela Dr., Rancho Palos Verdes, CA 90275; Senior Manor Care III, 2423 Santa Fe Ave., Torrance, CA 90501;

    d. Kind Heart Home Care, Inc., Kind Heart Home Care I 3510 Torrance Blvd., Ste. 114, Torrance CA 90503, Kind Heart Home Care III, 2033 W. 231st Street, Torrance CA 90501; Kind Heart Home Care VI, 1644 W. 22nd St., Torrance, CA 90501;

    e. Golden Senior Assisted Living Inc., 3510 Torrance Blvd. #114, Torrance, CA 90503, Golden Senior Assisted Living I, 2032 Cypress Ave, Santa Ana, CA; Golden Senior Assisted Living II, 1644 W 222nd Street, Torrance, CA; Golden Senior Assisted Living III, 2265 W 237th St, Torrance, CA 90501.

    F. Defendants admit that they employ nurses, nursing assistants, or other persons who have serviced or currently service homes, skilled nursing facilities, and

other locations throughout Southern California during the Subject Period through the following hospice and home health companies:

      a. Legend Home Health, Inc., 3510 Torrance Blvd. Suite 111, Torrance, CA 90503;

      b. VC Hospice, Inc., 23545 Crenshaw Blvd. Suite 202, Torrance, CA 90505;

      c. Orange County Home Health, Inc., 3532 Katella Ave. Suite 111, Los Alamitos, CA 90720;

      d. Santa Ana Home Health, Inc., 610 Pacific Coast Highway Suite 211, Seal Beach, CA 90740;

      e. Global Hospice Care, Inc, 3510 Torrance Blvd. Suite 215, Torrance, CA 90503;

      f. Devina Hospice, Inc., 24404 Vermont Ave., Harbor City, CA 90710.

G.    Defendants admit that the residential care facilities listed in Paragraph E are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r)(1) and 3(s)(A) of the FLSA, 29 U.S.C. § 203(r)(1), (s)(1)A), and that as such, Defendants are subject to the provisions of the FLSA.

H.    Defendants admit that the hospice and home health care companies listed in Paragraph F are subject to the provisions of the FLSA.

I.    Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

J.    All parties agree that entry of this Consent Judgment will resolve the matters in controversy in this civil action for the time periods listed herein in Exhibit 1.

///

## PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants Angelique S. Gradney, Stephen Gradney, Corporate Defendants Golden Care Living, Inc.; Santa Fe Care Home, Inc.; Senior Manor Care, Inc.; Kind Heart Home Care, Inc.; Golden Senior Assisted Living Inc.; Devina Hospice Care Inc.; Global Hospice Care, Inc.; Legend Home Health, Inc.; Santa Ana Hospice, Inc.; VC Hospice, Inc.; Orange County Home Health, Inc., their agents (including any entities contracted to provide labor or payroll services), officers, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.     Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the local prevailing minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA.

2.     Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours worked in excess of 40 hours in a workweek; the regular hourly rate shall include all sums paid in a workweek,

///

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 5

including any production bonuses, as required under Section 7(e) of the FLSA. 29 U.S.C. § 207(e) and 29 CFR Part 778.

3. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction.

4. Contrary to Section 11(a) of the FLSA, interfering with or obstructing any investigation of the Secretary, including by directing employees not to speak to the Secretary or her representatives and/or otherwise deterring them from cooperating in any investigation of the Secretary through threats or intimidation.

5. Contrary to Section 15(a)(3) of the FLSA, engaging in any retaliatory actions because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA. Prohibited discriminatory and retaliatory actions include adversely changing the terms and conditions of an employee's employment, discharging an employee, name-calling and threatening an employee, or telling an employee that communicating with the Secretary will result in immigration, legal, criminal or other action against them. Such prohibited discriminatory and retaliatory actions also include generally deterring employees from cooperating with or speaking to the Secretary's representatives.

///

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 6

6.    Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future, or other forms of monetary damages or relief, to said employee under the provisions of this Consent Judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages or monetary damages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA.

7.    Within 30 days of entry of this Consent Judgment, Defendants Angelique Gradney and/or Stephen Gradney shall ensure deed(s) of trust sufficient to secure the payments described in Paragraph 18 are executed.  The propert(ies) must have sufficient equity to satisfy the remaining judgment of $2,333,000.00 plus interest against Defendants. Defendants agree not to further encumber their properties until the deed(s) of trust are recorded. If Defendants default on their payment obligations, they shall be given 30 days' written notice to cure the default (served electronically to Defendants' counsel of record). If Defendants fail to cure their default, Defendants will cooperate with and assist the Secretary in executing on the deed(s) of trust. Within 30 days of Defendants satisfying the payment obligations of the Consent Judgment, including any interest for paying the amount due late, the Secretary will provide Defendants with deed(s) of reconveyance and related documents as may be necessary to effectuate the cancellation and removal of the deed of trust associated with this Consent Judgment. Defendants will then record the deed of reconveyance provided by the Secretary to terminate the Secretary's deed of trust.

8.    Withholding payment of $1,745,000.00, which constitutes the back wages found to be due by the Defendants under the FLSA to the employees, who are

///

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS
GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 7

identified by name in **Exhibit 1**, which is incorporated in and made part of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents (including any entities contracted to provide labor or payroll services), officers, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

9. Within 60 calendar days of the entry of this Consent Judgment, Defendants shall amend and maintain their recordkeeping and payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall pay employees for all hours worked in the residential care facilities. This includes:

  i. all time when employees are performing work tasks, such as cooking, cleaning, or caring for clients;

  ii. all time when employees, though not performing specific tasks, are required to remain in the facilities and be on call to assist the clients (except for employees properly provided a sleeping/rest break of up to 8 hours per this section, including Paragraphs 9.f – g); and

  iii. all other times when employees are required to be on call in the facilities (except for employees properly provided a sleeping/rest break of up to 8 hours per this section, including Paragraphs 9.f – g);

  iv. and any time the employee's sleeping/rest break is interrupted due to work demands; *see also* Paragraphs 9.f – g.

b. Defendants shall designate at least one specific employee as on duty or on call and required to remain in the facilities at all times necessary to provide

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS
GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 8

24-hour staff coverage. Defendants shall maintain a written weekly schedule that identifies, in advance, the employees who are on-call or on duty at all times.  The schedule shall provide for paid staff coverage for no less than 14 hours per day (morning, afternoon, and evening) at a minimum, while ensuring that facility personnel shall at all times be sufficient in numbers and competent to provide the services necessary to meet resident needs in compliance with DSS requirements, and properly compensated. In addition, the schedule shall identify the employees who will spend the night in the facilities and be on-call for the clients, and indicate whether or not a credit will be claimed for their sleep time pursuant to Paragraphs 9.f and 9.g of this Judgment.  The schedule shall be posted in a prominent location in each facility at the start of the work week.  Defendants shall maintain these schedules for a period of three years and shall produce them to representatives of the Department of Labor upon their request.

c.  If two or more employees are in a facility at any time, Defendants shall make clear in advance which of the employees is on call or on duty and will be paid, and which, if any, is completely off-duty and free to leave. If Defendants fail to designate a specific employee as on call or on duty during any given period of time, all the employees present in the facility during that time must be paid.

d.  Defendants shall either pay employees for meal and break periods or stagger them so that the employee taking the meal or break period is completely relieved of duty and not on-call to assist the clients during that time. Defendants shall indicate on the written schedule referenced above which employees are on-call or are completely relieved of duty during their meal and break periods.

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 9

e. Defendants shall not reduce an employee's hours worked for time spent sleeping (i.e., claim a "sleep time credit") for any employee who is required to spend the night in the facilities unless the requirements of Paragraph 9.f or 9.g of this Judgment are met.

f. Defendants may claim a sleep time credit of up to 8 hours for an employee who resides at the facility for at least 5 days per week if:

    i. Defendants and the employee have a reasonable agreement in writing to exclude sleep time, i.e., a reasonable agreement should reflect the realities of a particular situation, and not be a unilateral decision by the employer;

    ii. Any reasonable agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

    iii. The employee is provided a home-like environment with a private room furnished with, at a minimum, a bed and furniture to store clothing and other belongings;

    iv. The employee is compensated for any time the employee's sleep is interrupted due to work demands.

g. Defendants may claim a sleep time credit of up to 8 hours for an employee who is required to be at the facilities for 24 or more consecutive hours but does not live there for extended periods of time, i.e., relief staff, if:

    i. Defendants and the employee have a voluntary written agreement that is valid for the period in which the sleep time credit is claimed;

    ii. The written agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 10

iii. Defendants have provided adequate sleeping facilities for the employee, including a room, a bed, and bed linens;

iv. The employee is usually able to enjoy an uninterrupted night's sleep; i.e., at least five continuous hours of sleep during the night;

v. The employee is compensated for any time the employee's sleep is interrupted due to work demands.

h. Defendants shall procure and install a time clock or some type of contemporaneous time keeping system on a computer or personal device for each worker or at each work location and ensure that each employee uses the time keeping system to accurately record in the employer's records the time the employee:

i. begins work each shift by clocking/punching/logging in as soon as the employee enters the worksite and/or employer's premises;

ii. begins any uninterrupted work-free meal or break period of 30 minutes or more by clocking/punching out at the beginning of the lunch period;

iii. ends any uninterrupted work-free meal or break period of 30 minutes or more by clocking/punching in at the end of the uninterrupted work-free meal period;

iv. ends work each shift by clocking/punching/logging out just before the employee leaves the worksite and/or the employer's premises; and

v. begins and ends any period, if any, when the employee, though on the employer's premises, is completely relieved of duty and not on call to assist the residents, and thus not paid.

i. For each work week, Defendants' system shall sum the time indicated on the time records recorded on the time clock by each employee to identify

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 11

the time worked each day and each workweek.  Each pay period Defendants shall prepare a statement of hours and wages for each employee ("Pay Period Summary").  The Pay Period Summary shall provide all information required under California Labor Code Section 226(a), including:

    i.   the employee's gross wages earned;

    ii.   total hours worked;

    iii.   all deductions;

    iv.   net wages earned;

    v.   the inclusive dates of the period for which the employee is paid;

    vi.   all applicable hourly rates in effect during the pay period, and

    vii.   the corresponding number of hours worked at each hourly rate.

j.  Employees who work over 40 hours in a week must be paid their regular rate for all hours worked plus an additional half time premium for the hours worked over forty.  Defendants shall calculate the half-time premium for hours worked over forty in each work week by dividing the employees' regular rate in half.

k.  Each pay period, Defendants shall direct each employee to review the employee's Pay Period Summary and write in corrections if necessary. For a period of not less than one year following entry of this judgment Defendants shall attach the following statement with each  Pay Period Summary, in English and Tagalog languages:

> Your employer must pay you for all hours you work.  Your hours worked includes all the time when you are required to be at the facility.  If you think your employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS
GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Ang iyong Employer ay kailangang magbayad sa iyo para sa lahat ng oras na natrabaho mo. Ang mga oras na iyong ipinagtrabaho ay kasama pati ang lahat ng oras na ikaw ay kinailangan sa pasilidad. Kung inaakala mo na hindi ka nabayaran ng Employer sa lahat ng oras na natrabaho mo, maari kang tumawag sa US Department of Labor upang magsampa ng kompidendensyal na reklamo sa 1-866-4US-WAGE.

l.  Defendants shall maintain copies of all Pay Period Summaries for three years after issuance for inspection and/or copying by authorized agents of the Secretary at any time upon request without prior notice.

m. Defendants shall not include the value of the provision of sleeping facilities to employees as part of employees' pay (claim a "lodging credit") absent strict compliance with 29 C.F.R. Part 516, including but not limited to 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed for a period of three years and shall make such documents available for inspection by the U.S. Department of Labor upon request without prior notice. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any lodging credit Defendants claimed during the previous calendar quarter. Defendants shall record all hours worked by employees in the payroll records.

n.  Defendants shall maintain all timecards and payroll records for a period of not less than three years.

o.  Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

p.  Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

q.  Defendants shall not request, require, or otherwise cause employees to sign inaccurate time records or waivers of their right to sue, or use or threaten to use any previously signed records or waivers against employees or the Secretary in any proceeding.

10.    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

a.    Within 60 days of the entry of this judgment, on a date and time mutually agreed upon by the parties, Defendants shall permit a representative of the Secretary to visit each of Defendants' facilities and read aloud the attached Exhibit 2 "Notice of Employee Rights" in English and Tagalog to all employees at each of the facilities.  Defendants Angelique S. Gradney and Stephen Gradney shall be present during the reading of this statement at each facility, and employees' time during the reading shall be treated as hours worked.

b.    Within 15 days of the entry of this Judgment, Defendants shall post a copy of the attached Exhibit 2 "Notice of Employee Rights," in English and Tagalog languages, at each of their facilities in an area that is frequented by employees. Such Notice shall remain posted for a minimum of one year.

11.    For a period of at least four (4) years from the date of entry of this Consent Judgment, Defendants shall ensure that a copy of the Notice accompanying this Consent Judgment (Exhibit 2) is provided to the following persons or entities and in a language understood by the recipient as follows:

a.    all future employees upon their retention who are hired or rehired at any Residential Care Facility for the Elderly or similar board and care facility owned, operated, or controlled by any Defendant;

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 14

  b. all persons to whom they offer employment at any Residential Care Facility for the Elderly or similar board and care facility owned, operated, or controlled by any Defendant;

  c. all persons or entities providing labor or payroll services to Defendants or their business operations for any Residential Care Facility for the Elderly or similar board and care facility owned, operated, or controlled by any Defendant;

  d. any individual or entity responsible for hiring, firing, supervising, paying, or otherwise managing any Residential Care Facility for the Elderly or similar board and care facility owned, operated, or controlled by any Defendant.

  12. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within sixty (60) days of signing the Consent Judgment, Defendants shall engage, at their own expense, an independent third-party monitor ("Independent Monitor") to monitor compliance with the FLSA and the terms of this Consent Judgment at all facilities where Defendants operate or perform work.  Starting four months after Defendants retain the Independent Monitor, the Independent Monitor shall conduct quarterly unannounced visits to monitor Defendants' worksites, and more frequently if the Independent Monitor or the Secretary determines additional monitoring to be warranted.  The Parties shall agree on an Independent Monitor before Defendants hire one; if Defendants and the Secretary are unable to agree on an Independent Monitor, the Court shall select the Independent Monitor.

  13. The monitoring provision shall be in effect for three (3) years from the date of entry of this Consent Judgment but shall only apply to the Defendants as to Residential Care Facilities for the Elderly.

  a. To ensure Defendants' compliance with the FLSA and this Consent Judgment, the Independent Monitor may document notes from employee interviews, including the name, address, phone number of each employee

performing work at the relevant facility and whether any employee is classified as FLSA exempt, FLSA non-exempt; if the employee is paid based on a daily rate; if the employee is paid in cash or by check; the start and end times of each employee's work day for every work day; the regular rate of pay for each employee; the gross weekly straight time and overtime wages owed to each employee for each pay period based on the employee's hours worked and regular rate of pay; the gross weekly straight time and overtime wages actually paid to each employee for each pay period and details of the employee's sleeping arrangements;

b.    The Independent Monitor shall periodically conduct interviews with workers at the facilities where Defendants operate or otherwise perform work in order to determine if compliance issues are arising. The identities of workers providing information to the Independent Monitor shall not be disclosed to the employer. The Independent Monitor's report will be made to an authorized representative of the U.S. Department of Labor and the employer.

c.    The Independent Monitor shall have the ability to communicate with Defendants' employees in their primary language(s), or, shall be provided with an interpreter to do so when necessary at Defendants' expense.

d.    Defendants shall cooperate fully with the Independent Monitor, including permitting the monitor to enter facilities where Defendants operate or otherwise perform work, without prior notice; inspect the working conditions at such facilities; inspect all books, time records, and payroll documents requested by the Independent Monitor, including employee time, payroll, and related personnel records and perform other duties the Monitor deems necessary to monitor FLSA compliance.

e.    If the Independent Monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, the Independent Monitor will prepare a written report concerning the violations found and payments

///

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

which should be made and provide a copy of such report to the employer and the District Director of the Wage and Hour Division's Los Angeles District Office.

14.    Defendants are permanently enjoined from communicating, directly or indirectly, in any manner to any third party, such as other owners of residential care facilities or home health care companies, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor, and are specifically enjoined from taking any other action to restrict or blacklist such employee from seeking or obtaining any other work Defendants are permanently enjoined from communicating, directly or indirectly, in any manner to any third party, such as other owners of residential care facilities or home health care companies, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor, and are specifically enjoined from taking any other action to restrict such employee from seeking or obtaining any other work.

15.    For purposes of contacting the Secretary under the terms of this Consent Judgment, Defendants shall notify:

Wage Hour Division, Los Angeles District Office

Attention: District Director Kimchi Bui

312 N. Spring Street, Suite 701

Los Angeles, CA 90012

**JUDGMENT**

16.    **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants in the total amount of **$3,500,000.00.** This total amount comprises $1,671,196.62  in unpaid overtime compensation; $73,803.38 in unpaid federal minimum wage compensation; $1,745,000.00 in liquidated damages,

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS
GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 17

pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216; civil money penalties, which have been assessed and finally determined pursuant to 29 U.S.C. § 216(e), of $10,000.00 for Defendants' minimum wage and overtime violations.

17. Within one (1) year of entry of this Consent Judgment, the Secretary shall file a supplemental Exhibit 1 listing the amount of back wages, liquidated damages, and other damages paid or to be paid to employees subject to this Consent Judgment.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

18. Defendants shall pay the monies owed above as follows: Defendants shall pay an initial amount of **$1,167,000.00** within 30 days of execution of this Consent Judgment. This payment shall cover $1,157,000.00 in liquidated damages, as well as $10,000.00 in civil money penalties. Defendants shall pay the remaining balance of $2,333,000.00 plus interest at a rate of 4%, per the following schedule attached as **Exhibit 3**, with the payments to go towards remaining liquidated damages first, then back wages. Payments required by this Consent Judgment (plus interest as applicable) shall be made online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference **BW Case Number # 1984173**. Separately, Defendants shall make the civil money penalty payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Civil Money Penalty - **WE** Region."

19. In the event of any default in the timely making of any payment due hereunder, the full judgment amount, which then remains unpaid, plus post-judgment interest at the rate of 8% per year, from the date of Defendants' default until paid in full, shall become due and payable. (The non-default, payment plan

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS
GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 18

rate of 4% will be replaced by the 8% default rate starting from the date of default.) This provision will commence upon the Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants or, if applicable, their counsel. Upon the Secretary's request, the Court will issue an amended judgment reflecting the amounts due based on Defendant's default. For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within thirty (30) calendar days of the due date.

20. The Secretary shall distribute the proceeds from the settlement payments described in Paragraphs 16 and 18 in the amounts set forth in the supplemental Exhibit l, less deductions for employees' share of payroll taxes and income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates. Any monies not distributed to employees because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c). Defendants shall deposit the employer's portion of payroll taxes with the relevant taxing authorities after the Secretary issues the form 941X or equivalent.

**FURTHER, IT IS HEREBY ORDERED THAT**

21. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendant.

22. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 19

23.    Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

24.    The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

Dated: April 2, 2026

_Christina A. Snyder_

HONORABLE CHRISTINA A.  SNYDER
UNITED STATES DISTRICT JUDGE

Consented to by:

JIM MCMULLEN, Esq.                         Date: 3/30/2026
Attorney for Defendants

ANGELIQUE SALVE GRADNEY                     Date: 3/30/2026
Defendant

STEPHEN GRADNEY                             Date: 03/30/2026
Defendant

GOLDEN CARE LIVING, INC.;                   Date: 3/30/26
Defendant

SANTA FE CARE HOME, INC.                    Date: 3/30/26
Defendant

_____     Date: 3/30/26
KIND HEART HOME CARE, INC.;
Defendant

_____     Date: 03/30/2026
SENIOR MANOR CARE, INC.;
Defendant

_____     03/30/2026
                                      Date:
GOLDEN SENIOR ASSISTED LIVING INC.
Defendant

_____     Date: 03/30/2026
DEVINA HOSPICE CARE INC.;
Defendant

_____     Date: 3/30/26
GLOBAL HOSPICE CARE, INC.;
Defendant

_____     Date: 3/70/26
LEGEND HOME HEALTH, INC.
Defendant

_____     Date: 03/30/2026
SANTA ANA HOSPICE, INC.;
Defendant

_____     Date: 03/30/2026
VC HOSPICE, INC.;
Defendant

_____     Date: 03/30/2026
ORANGE COUNTY HOME HEALTH, INC.;
Defendant

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST
DEFENDANTS GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN     Page 21
GRADNEY, et al. Case No. 2:25-cv-00232 CAS (MARx)

For Plaintiff Secretary of Labor,
United States Department of Labor

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsels for Wage and Hour

_Sonya Shao_                    Date: _3/30/2026_
SONYA SHAO
Senior Trial Attorney

ROSE MELTZER
Trial Attorney

*Attorneys for Plaintiff Lori Chavez-DeRemer*
*United States Secretary of Labor*

CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS
GOLDEN CARE LIVING, INC., ANGELIQUE S. GRADNEY, STEPHEN GRADNEY, et al.

Page 22

## EXHIBIT 1

## RESIDENTIAL CARE FACILITY DEFENDANTS' EMPLOYEES

| First Name | Last Name | BW Start Date | BW End Date |
| --- | --- | --- | --- |
| Adam | Gallimore | 2/1/2021 | 5/29/2022 |
| Agnes | Magtal | 8/16/2021 | 2/6/2022 |
| Albert | Indra | 5/25/2025 | 5/31/2025 |
| Aldrene | Fajardo | 7/9/2025 | 9/15/2025 |
| Allain | Lalu | 11/24/2023 | 8/31/2024 |
| Allaine | De Leon | 10/12/2020 | 2/20/2022 |
| Allen | Gloriani | 2/13/2023 | 10/15/2023 |
| An | Xiaoping | 6/21/2021 | 1/9/2022 |
| Anabel | Fukijitsuwa | 11/24/2023 | 12/31/2023 |
| Angel | Vides | 9/12/2022 | 4/16/2023 |
| Angela | Fretti | 3/25/2024 | 8/15/2024 |
| Anne Viviane | Abalo | 2/14/2022 | 5/15/2022 |
| Antonia | Love | 10/12/2020 | 8/20/2023 |
| Aprinus | Faiv Simanjutak | 6/9/2025 | 3/15/2026 |
| Arcana Klau | Rissa | 7/25/2024 | 7/31/2024 |
| Arlene | Malaluan | 10/12/2020 | 6/13/2021 |
| Aurelia | Gonzaga | 4/12/2021 | 1/23/2022 |
| Aurora | Fangon | 3/1/2021 | 5/30/2021 |
| Beatrice | Okeke | 2/15/2021 | 3/21/2021 |
| Bertin | Okezie | 7/19/2021 | 12/25/2022 |
| Beverly | Guerrero | 8/30/2021 | 2/20/2022 |
| Biagio | Di Mento | 10/10/2022 | 12/11/2022 |
| Bobby | Rempil | 1/17/2022 | 11/12/2023 |
| Budi | Setiawati | 11/24/2024 | 2/28/2025 |
| Busono Edi | Suprastio | 7/9/2025 | 9/30/2025 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page ii

| | | | |
|---|---|---|---|
| Carlos | Ricardo | 9/12/2022 | 3/19/2023 |
| Carmelita | Bonifacio | 2/9/2024 | 3/15/2026 |
| Cecilia | Chavarria | 11/21/2022 | 4/15/2024 |
| Charles | Abad | 10/12/2020 | 3/15/2026 |
| Chester | Gallardo | 10/12/2020 | 1/10/2021 |
| Christian Joseph | Espino | 10/12/2020 | 10/15/2025 |
| Cindy | Sunaryo | 9/9/2024 | 11/30/2024 |
| Consuelo | Gamboa | 4/10/2023 | 9/3/2023 |
| Cosme | Vidal | 6/21/2021 | 12/12/2021 |
| Cyd | Dino | 5/9/2022 | 10/2/2022 |
| Daniel | Rivera | 10/12/2020 | 2/7/2021 |
| Daniel Chukwuemeka | Alionye | 11/6/2023 | 11/30/2024 |
| Daryl John | Alminiana | 4/9/2024 | 4/30/2024 |
| Debora | Ferra Simbiak | 6/9/2024 | 4/30/2025 |
| Dinna | Mendiola | 10/12/2020 | 11/15/2024 |
| Dionisio | Mondragon | 7/5/2021 | 9/4/2022 |
| Dominador | Bonifacio | 2/9/2024 | 3/15/2026 |
| Elizabeth | Vergara | 10/12/2020 | 2/20/2022 |
| Emilie | Ismael | 10/12/2020 | 1/24/2021 |
| Emmanuel | Malaluan | 10/12/2020 | 6/13/2021 |
| Emmanuel | Salamera | 5/9/2022 | 10/16/2022 |
| Ermas | Gurning | 4/24/2024 | 10/15/2024 |
| Esperanza | Campos | 4/12/2021 | 4/18/2021 |
| Esther | Mariece | 9/24/2024 | 7/31/2025 |
| Esther | Tenebroso | 3/27/2023 | 9/17/2023 |
| Evy Antaria | Taswin | 10/25/2024 | 10/31/2024 |
| Fe | Caylan | 10/12/2020 | 3/15/2026 |
| Federico | De Lara | 10/12/2020 | 4/30/2023 |
| Feri Surya | Sugiarto | 10/9/2024 | 7/31/2025 |
| Flocerfida | Gallandez | 11/24/2023 | 3/15/2026 |
| Florencia | Cornejo | 3/28/2022 | 4/16/2023 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page iii

| Gertrude | Martin | 4/26/2021 | 12/12/2021 |
|---|---|---|---|
| Gloria | Somintac | 10/12/2020 | 1/31/2025 |
| Gloria | Toro | 10/24/2022 | 3/19/2023 |
| Heherson | Alvarez | 5/23/2022 | 8/21/2022 |
| Henrietta Ngozi | Chukwuegbo | 6/9/2025 | 3/15/2026 |
| Ian Marjorie | Portuzuela | 11/6/2023 | 8/15/2024 |
| Irish | Baldevia | 10/12/2020 | 3/20/2022 |
| James Chidi | Okeuhie | 6/5/2023 | 4/15/2024 |
| Japheth | Okechukwu | 10/12/2020 | 2/6/2022 |
| Jasper | Maganes | 11/9/2024 | 3/15/2026 |
| Jay | Fernandez | 12/7/2020 | 9/30/2025 |
| Jerald Paul | Dineros | 5/22/2023 | 8/6/2023 |
| Jeremy Jade | Nebres | 10/12/2020 | 3/15/2026 |
| Jester S. | Mendoza | 1/25/2024 | 4/30/2024 |
| Jocelyn | Letigio | 5/23/2022 | 5/31/2025 |
| Joel | Carbonel | 8/2/2021 | 12/15/2023 |
| Joel | Villar | 10/12/2020 | 1/8/2023 |
| Joey | Reyes | 7/4/2022 | 11/27/2022 |
| Jonathan | Lopez | 10/9/2024 | 10/31/2024 |
| Jose | Bunag, III | 2/23/2024 | 6/30/2024 |
| Jose Ruel | Floranda | 4/24/2024 | 3/15/2026 |
| Joseph | Angco | 12/20/2021 | 8/7/2022 |
| Joseph | Cosindad | 10/12/2020 | 1/24/2021 |
| Justin Jay | Feria | 9/9/2024 | 10/31/2025 |
| La Visitacion | Carbonel | 12/9/2023 | 12/15/2023 |
| Laxuqsha | Bailey | 6/19/2023 | 1/15/2024 |
| Lilian | Reyes | 11/6/2023 | 8/15/2025 |
| Lily | Reyes | 5/23/2022 | 7/10/2022 |
| Lucy | Dezell | 8/1/2022 | 10/15/2023 |
| Luisa | Nabua | 5/24/2021 | 7/24/2022 |
| Manuel | Lopez | 10/26/2020 | 1/15/2026 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page iv

| Maria Editha | Abalos | 10/12/2020 | 9/15/2024 |
|---|---|---|---|
| Maria Lilibeth | Franco | 5/8/2023 | 3/15/2026 |
| Marisol | Gomez | 10/9/2025 | 11/30/2025 |
| Marites | Madarang | 8/29/2022 | 3/15/2026 |
| Mary Jogen | Medina | 10/9/2025 | 3/15/2026 |
| Merita | Nebres | 10/9/2023 | 2/15/2025 |
| Merle | Andrada | 10/12/2020 | 3/15/2026 |
| Mignion | Diaz | 7/17/2023 | 2/15/2025 |
| Myrna | De La Cruz | 2/1/2021 | 5/30/2021 |
| Nelson | Ortega | 10/12/2020 | 3/15/2026 |
| Ngwaogu Ebere | Obiageri | 1/16/2023 | 5/14/2023 |
| Nicholas | Nnademere | 11/6/2023 | 3/15/2026 |
| Nita | Baquirin | 10/12/2020 | 9/4/2022 |
| Nkeze Desire | Ubu | 1/9/2025 | 7/31/2025 |
| Norma | Apresto | 8/2/2021 | 1/15/2025 |
| Patricia | Chikodi | 9/12/2022 | 2/19/2023 |
| Patrick | Emelogu | 10/12/2020 | 12/26/2021 |
| Penny | Tan | 1/31/2022 | 5/1/2022 |
| Portia | Martir | 10/12/2020 | 5/1/2022 |
| Purification | Olaco | 9/11/2023 | 11/12/2023 |
| Rachel | Lugtu | 10/12/2020 | 3/15/2026 |
| Rafaeli | Teves | 12/20/2021 | 3/20/2022 |
| Reginald | Somintac | 1/9/2024 | 11/30/2024 |
| Resti | Olina Saragih | 12/9/2024 | 3/15/2026 |
| Rey | Malit | 10/12/2020 | 12/15/2025 |
| Reynaldo | Franco | 5/8/2023 | 3/15/2026 |
| Richard | Librando | 11/9/2020 | 8/20/2023 |
| Rita | Melindawati | 3/9/2025 | 6/30/2025 |
| Robert | Dulay | 2/27/2023 | 7/23/2023 |
| Roberto | De La Cruz | 10/12/2020 | 12/11/2022 |
| Rodolfo | Lozada | 10/12/2020 | 10/31/2021 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page v

| | | | |
|---|---|---|---|
| Romulo Batalla | Salamera | 7/9/2024 | 11/15/2024 |
| Ronald | Mendiola | 10/12/2020 | 3/15/2026 |
| Rosita | Yangat | 6/7/2021 | 10/3/2021 |
| Ruben | Minay | 4/11/2022 | 7/10/2022 |
| Ryan | Majitma | 12/19/2022 | 7/9/2023 |
| Samson | Lugtu | 10/12/2020 | 3/15/2026 |
| Sarah | Martinez | 10/12/2020 | 1/24/2021 |
| Sheila Lee | Balala | 8/29/2022 | 4/30/2023 |
| Simplicio | Roman | 7/18/2022 | 9/4/2022 |
| Sophia "Raffy" | Miranda | 11/24/2023 | 2/29/2024 |
| Tamico | Thomas | 3/27/2023 | 11/12/2023 |
| Tatat | Sri Rohaeni | 11/24/2023 | 4/30/2024 |
| Tiffany | Torres | 10/9/2025 | 12/31/2025 |
| Tri | Kristianingsih | 4/9/2024 | 5/31/2024 |
| Valencia Prasetyo | Ningrum | 6/24/2025 | 11/30/2025 |
| Victor | Merill | 12/20/2021 | 4/17/2022 |
| Victoria | Nijoku | 11/23/2020 | 6/13/2021 |
| Villadelma | Ebora | 10/12/2020 | 11/15/2020 |
| Vina Febe Eunike | Simatupang | 1/9/2025 | 2/28/2025 |
| Virgie | Fontillas | 2/22/2025 | 3/15/2025 |
| Yanti | Sagala | 11/24/2024 | 11/30/2024 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

## HOSPICE AND HOME CARE DEFENDANTS' EMPLOYEES

| First Name | Last Name | BW Start Date | BW End Date | BW | LD |
|---|---|---|---|---|---|
| Christopher | Badillo | 4/24/2022 | 4/30/2022 | $363.02 | $363.02 |
| Myra | Balaga | 9/24/2020 | 12/15/2023 | $2,540.64 | $2,540.64 |
| Irma | Banker | 10/9/2020 | 10/15/2020 | $363.02 | $363.02 |
| Guillermo | Castro | 10/25/2020 | 4/30/2023 | $2,057.14 | $2,057.14 |
| Magie | Catalla | 9/24/2020 | 5/31/2023 | $2,172.43 | $2,172.43 |
| Maricris | Grospe | 10/25/2020 | 8/31/2022 | $1,607.11 | $1,607.11 |
| Isaura | Gutierrez | 9/24/2020 | 10/31/2021 | $1,099.43 | $1,099.43 |
| Maria Guadalupe | Guzman | 9/9/2021 | 9/15/2021 | $363.02 | $363.02 |
| Aurelia | Lazenby | 10/9/2023 | 10/15/2023 | $363.02 | $363.02 |
| Christopher | Paras | 4/24/2021 | 9/30/2021 | $647.54 | $647.54 |
| Linda | Ramirez | 9/24/2020 | 6/30/2021 | $870.70 | $870.70 |
| Marlene | Ruelas | 1/25/2022 | 6/15/2023 | $1,292.83 | $1,292.83 |
| Justin Alexander | Smalls | 10/25/2022 | 10/31/2022 | $363.02 | $363.02 |
| Juana | Soberanes | 8/25/2021 | 8/31/2021 | $363.02 | $363.02 |
| Kenneth | Ugeh | 5/25/2021 | 8/31/2021 | $534.11 | $534.11 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page vii

# EXHIBIT 2
## NOTICE OF EMPLOYEE RIGHTS
**tagalog sa kabila**

<u>You have legal rights under the Federal Fair Labor Standards Act, including:</u>

➤ The right to be paid at least the minimum wage for all hours that you worked;

➤ The right to be paid overtime at a rate of 1.5 times your regular rate for all hours that you worked over 40 hours in a workweek;

➤ The right to be free of any demand from your employer that you pay back the money you receive under this settlement.

**Your employer is prohibited from taking any action against you because you spoke to the Labor Department or complained about your pay.**

Your work hours include all the time when you are required to be at the facility. You must be paid for:

➤ all the time you performed work at the facility, including doing laundry, cleaning, cooking food for the clients, and watching and assisting clients in any way;

➤ any time when you are not allowed to leave, including evening time when clients are in bed but someone has to be there in case something happens;[1]

➤ any time when you have to report to the facility before the start of your shift, including evening time the day before;

➤ meal and break time unless you do no work and are free to leave;

➤ any time when you wake up in the middle of the night to take care of clients; and

➤ any time you have to work past the end of your shift, even if it is only by 15 minutes.

If you think your employer has not correctly paid you for all hours worked, or if you believe your employer has taken action against you because you spoke with the Department of Labor or because you received a payment under the settlement agreement, you can call the U.S. Department of Labor to make a confidential complaint.

### Call the U.S. Department of Labor at 213-894-6375

---

[1] If all requirements are met, there are certain exceptions for your sleep time.

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page viii

# EXHIBIT 2

## ABISO NG MGA KARAPATAN NG MGA EMPLEYADO

Mayroon kang legal na mga karapatan sa ilalim ng Fair Labor Standards Act, kabilang:

- Ang karapatang mabayaran ng hindi bababa sa minimum wage para sa lahat ng oras na natrabaho;
- Ang karapatang mabayaran ng overtime rate na 1.5 times ng iyong orasang sahod para sa lahat ng oras ng tarabaho na lumapas sa 40 oras sa isang linggo;
- Ang karapatang maging malaya sa anumang utos ng iyong employer na ibalik ang pera na natanggap sa ilalim ng aregluhan nito.

**Ang iyong employer ay pinagbawalan na gumawa ng anumang aksyon laban sa iyo dahil kinausap mo ang Labor Department o nagreklamo ka sa iyong suweldo.**

Oras ng trabaho mo ay kasama ang mga oras na kinakailangan ka sa pasilidad. Dapat kang mapasahod para sa:

- lahat ng oras ng trabaho sa pasilidad, kabilang ang paglalaba, paglilinis, at pagluluto ng pagkain para sa mga kliyente, at pagbabantay at pagtutulong sa mga kliyente sa anumang paraan;
- lahat ng oras na bawal kang umalis, kabilang ang mga oras ng gabi na nasa kama ang mga kliyente ngunit kailangang may kasama sakaling may mangyari;[1]
- lahat ng oras na kailangan kang mag report sa pasilidad bago magsimula ang iyong shift, kabilang ang gabi ng nakalipas na araw
- oras ng pagkain at oras ng pahinga maliban kung hindi ka nagtrabaho at pwede kang umalis;
- lahat ng oras na gumising ka sa gabi upang alagaan ang mga kliyente; at
- lahat ng oras na kinailangan kang magtrabaho lampas ng iyong shift, kahit 15 minutos lamang.

Kung sa palagay mo ay hindi tama ang bayad sa iyo ng employer para sa lahat ng oras ng trabaho, o kung sa palagay mo ay nagaksyon ang employer laban sa iyo dahil kinausap mo ang Department of Labor o dahil tinanggap mo ang bayad sa ilalim ng kasunduan sa pag areglo, pwede kang tumawag sa U.S. Department of Labor at maghain ng isang kumpidensiyal na reklamo.

### Tawagan ang U.S. Department of Labor sa 213-894-6375

---

[1] Kung natutugunan ang lahat ng kinakailangan, may ilang partikular eksepsyon para sa oras ng iyong pagtulog.

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page ix

**EXHIBIT 3**
**PAYMENT PLAN**

| PAYMENT DATE | BEGINNING BALANCE | PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE |
|---|---|---|---|---|---|
| 6/1/2026 | $2,167,000.00 | $76,025.41 | $68,802.07 | $7,223.33 | $2,098,197.93 |
| 7/1/2026 | $2,098,197.93 | $76,025.41 | $69,031.41 | $6,993.99 | $2,029,166.51 |
| 8/1/2026 | $2,029,166.51 | $76,025.41 | $69,261.52 | $6,763.89 | $1,959,905.00 |
| 9/1/2026 | $1,959,905.00 | $76,025.41 | $69,492.39 | $6,533.02 | $1,890,412.61 |
| 10/1/2026 | $1,890,412.61 | $76,025.41 | $69,724.03 | $6,301.38 | $1,820,688.57 |
| 11/1/2026 | $1,820,688.57 | $76,025.41 | $69,956.44 | $6,068.96 | $1,750,732.13 |
| 12/1/2026 | $1,750,732.13 | $76,025.41 | $70,189.63 | $5,835.77 | $1,680,542.50 |
| 1/1/2027 | $1,680,542.50 | $76,025.41 | $70,423.60 | $5,601.81 | $1,610,118.90 |
| 2/1/2027 | $1,610,118.90 | $76,025.41 | $70,658.34 | $5,367.06 | $1,539,460.56 |
| 3/1/2027 | $1,539,460.56 | $76,025.41 | $70,893.87 | $5,131.54 | $1,468,566.68 |
| 4/1/2027 | $1,468,566.68 | $76,025.41 | $71,130.18 | $4,895.22 | $1,397,436.50 |
| 5/1/2027 | $1,397,436.50 | $76,025.41 | $71,367.28 | $4,658.12 | $1,326,069.22 |
| 6/1/2027 | $1,326,069.22 | $76,025.41 | $71,605.18 | $4,420.23 | $1,254,464.04 |
| 7/1/2027 | $1,254,464.04 | $76,025.41 | $71,843.86 | $4,181.55 | $1,182,620.18 |
| 8/1/2027 | $1,182,620.18 | $76,025.41 | $72,083.34 | $3,942.07 | $1,110,536.84 |
| 9/1/2027 | $1,110,536.84 | $76,025.41 | $72,323.62 | $3,701.79 | $1,038,213.22 |
| 10/1/2027 | $1,038,213.22 | $76,025.41 | $72,564.70 | $3,460.71 | $965,648.53 |
| 11/1/2027 | $965,648.53 | $76,025.41 | $72,806.58 | $3,218.83 | $892,841.95 |
| 12/1/2027 | $892,841.95 | $76,025.41 | $73,049.27 | $2,976.14 | $819,792.68 |
| 1/1/2028 | $819,792.68 | $76,025.41 | $73,292.76 | $2,732.64 | $746,499.92 |
| 2/1/2028 | $746,499.92 | $76,025.41 | $73,537.07 | $2,488.33 | $672,962.85 |
| 3/1/2028 | $672,962.85 | $76,025.41 | $73,782.20 | $2,243.21 | $599,180.65 |
| 4/1/2028 | $599,180.65 | $76,025.41 | $74,028.14 | $1,997.27 | $525,152.51 |
| 5/1/2028 | $525,152.51 | $76,025.41 | $74,274.90 | $1,750.51 | $450,877.61 |
| 6/1/2028 | $450,877.61 | $76,025.41 | $74,522.48 | $1,502.93 | $376,355.13 |
| 7/1/2028 | $376,355.13 | $76,025.41 | $74,770.89 | $1,254.52 | $301,584.24 |
| 8/1/2028 | $301,584.24 | $76,025.41 | $75,020.13 | $1,005.28 | $226,564.12 |
| 9/1/2028 | $226,564.12 | $76,025.41 | $75,270.19 | $755.21 | $151,293.92 |
| 10/1/2028 | $151,293.92 | $76,025.41 | $75,521.09 | $504.31 | $75,772.83 |
| 11/1/2028 | $75,772.83 | $76,025.41 | $75,772.83 | $252.58 | $0.00 |

[Title]
*Sec'y of Labor v. Golden Care, et al., Consent Judgment Exhibit 2*
United States District Court, Central District of California, Case No.  2:25-cv-00232 CAS (MARx)

Page x